IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYDIAN JAEOVANNI FINNEGAN,<br>    Plaintiff<br><br>vs.<br><br>MAGISTERIAL DISTRICT JUDGE<br>LAURIE A. MIKIELSKI, et al,<br>    Defendants. | C.A.No. 1:25-CV-109 |

**MEMORANDUM OPINION**

U.S. D.J. Susan Paradise Baxter

    Pending before this Court are two motions filed by Plaintiff: a motion for leave to file an amended complaint [ECF No. 40] and a motion for status and ruling [ECF No. 42]. Additionally, Defendants have filed three motions to dismiss the original complaint. ECF Nos. 10, 13, and 27.

    Because Plaintiff is acting pro se and because his proposed amended complaint is related to his original complaint, Plaintiff will be allowed the opportunity to amend his original complaint. *See Pennsylvania v. Buckshaw*, 2010 WL 1443526 (M.D. Pa. 2010); Fed. R. Civ.P. 15(a)(2) ("the court should freely give leave [to amend] when justice so requires."). However, because the proposed amended complaint is inadequate, it will not be filed for the reasons explained below. Plaintiff must file a new amended complaint.

    In the instant civil rights action, the legal claims of the original complaint arise out of Plaintiff's involvement with the state criminal justice system in the autumn of 2023. He alleges that his constitutional rights were violated by Defendants leading up to and during a preliminary hearing. As Defendants sued in their official capacities, Plaintiff has named Magistrate Laurie

1

Mikielski, Millcreek Township Police Department and Patrolman Jason Shrader, and the Erie County District Attorney and that office's Investigator Todd Manges.

The instant action is not the first time that Plaintiff has presented his grievances about this incident to this Court. In November 2023, Plaintiff filed a civil action relative to that same incident in which he alleged that some of the same Defendants named herein violated his constitutional rights. *See* C.A. 1:23-326. There, Plaintiff's claims against Magisterial District Judge Laurie Mikielski were dismissed with prejudice on the basis of judicial immunity. ECF No. 30, 31. Plaintiff's complaint against others including the Millcreek Police Department, Jason Shrader, the Erie County District Attorney's Office, and Todd Manges was dismissed because the allegations lacked sufficient detail to support the legal claims. The dismissal of the claims against these Defendants was without prejudice and Plaintiff was given the opportunity to file an amended complaint against them. ECF No. 32. Ultimately, the entire case was dismissed based on Plaintiff's failure to prosecute after he failed to file any amended complaint. ECF No. 33, 34.

Because of the dismissal of the prior claims against Defendant Mikielski in Civil Action No. 1:23-326, Plaintiff is precluded from bringing any further claims against her. Generally, claims that have been previously brought to court and decided on their merits, cannot be brought in a second action. This is known as claim preclusion or res judicata, the standard for which consists of three elements:

1) A judgment on the merits in the prior suit;
2) A subsequent suit based on the same cause of action; and
3) Involvement of the same parties in both suits.

*Erie Indem. Co. v. Stephenson*, 157 F.4th 265, 277 (3d Cir. 2025) *citing Ndungu v. Att'y Gen.*, 126 F.4th 150, 165 (3d Cir. 2025).

2

If all three elements are met, the claim is precluded and cannot be brought in a subsequent action. Such is the case here as all three elements are easily met. The dismissal of the claims against Mikielski in the prior action was with prejudice – such is the definition of a judgment on the merits. The instant action is based on the same cause of action as the prior suit and obviously, the parties are the same in both actions. Claim preclusion applies to claims that were previously raised in the prior lawsuit, as well as claims that could have been raised in the prior action. *Elkadrawy v. Vanguard Group, Inc.*, 584 F.3d 169, 173 (3d Cir. 2009) *quoting Post v. Hartford Ins. Co.*, 501 F.3d 154, 159 (3d Cir. 2007). Thus, Plaintiff's attempt to expand his claims against Mikielski (especially those levied in the proposed amended complaint) in this action do not save him from the application of claim preclusion. Accordingly, Plaintiff's claims against Mikielski are precluded, will be dismissed, and the Clerk will be directed to terminate her from the docket.[1]

The proposed amended complaint, which spans over 140 pages, not only reasserts the allegations from the original nine-page complaint (which focused on a single incident stemming from a charge of disorderly conduct that occurred at Millcreek High School), but also introduces a substantial number of new Defendants[2], factual allegations, and legal theories. Among these

---

[1] Although the other Defendants named in the original complaint were also named in the prior action and although the legal claims arise out of the same set of facts as the prior action, claim preclusion does not apply to them as there was no judgment on the merits as to the claims against them in the prior action.

[2] In addition to the Defendants named in the original complaint, the proposed amended complaint lists the following: Assistant District Attorney Jessica Reger; Magistrate Judges Edward Wilson and Alison Scarpitti; Erie county Sheriff's Office; Sheriff James Fuller; Office of Court Administrative; Carlo Fachetti; Erie County Prison; Warden Michael Holeman; County Executive Brenton Davis; Mayor Joseph Schember; Erie County Solicitor William Speros; and Erie County, Pennsylvania.

additions is a separate incident stemming from a custody hearing altercation, which Plaintiff frames as retaliatory conduct linked to the filing of the original lawsuit.

Plaintiff's proposed amended complaint suffers from deficiencies which must be cured in any new amended complaint if this action is to proceed. For example, no date for the alleged retaliatory conduct is mentioned. Because a claim of retaliation is based upon causal connection between protected conduct and an adverse action, dates are particularly important for stating such a claim. *See Rauser v. Horn*, 241 F.3d 330 (3d Cir. 2001).

The new amended complaint must contain a statement of facts which sets forth the relevant details of this case. In civil rights cases, more than conclusory and vague allegations are required in order to state a cause of action. The amended complaint should be a narrative statement and must include **relevant dates, times, and locations**. The relevant factual allegations should be related in chronological order. The amended complaint should include all facts that Plaintiff believes are relevant and all legal claims he wants to raise.

Plaintiff must explain what happened by specifically describing each Defendant's behavior or action (or lack of action) that resulted in the alleged constitutional violation. The actions of **each** Defendant must be specifically identified – it is not sufficient to say generally that Defendants did this or that. The involvement of each named Defendant must be supported by factual allegations. All allegations of conspiracy are subject to a heightened pleading standard.[3]

---

[3] *See Figueroa v. Oberlander*, 2024 WL 2116744, at *4 (W.D. Pa. Apr. 1, 2024) (cleaned up) ("In order to properly plead a civil rights conspiracy claim, the plaintiff must allege: (1) the specific conduct that violated the plaintiff's rights; (2) the time and the place of conduct; and (3) the identity of the officials responsible for the conduct. Critical to pleading a conspiracy claim is the complaint's factual allegations of combination, agreement, or understanding among all or between any of the defendants [or co-conspirators to plot, plan, or conspire to carry out the alleged chain of events.").

Argument and citation to case law are disfavored at the pleading stage and should be reserved for dispositive motion practice.

Plaintiff should follow these instructions carefully and thoughtfully. Further amendments of the complaint are unlikely to be permitted due to potential prejudice to Defendants.

An order follows.